The People of the State of New York, Respondent, 
against
Ashley R. Cassar, Appellant.




Christopher J. Cassar, for appellant.
Suffolk County District Attorney (Alfred J. Croce of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of East Hampton, Suffolk County (Lisa R. Rana, J.), rendered August 25, 2016. The judgment convicted defendant, upon her plea of guilty, of aggravated driving while intoxicated per se, and imposed sentence.




ORDERED that the matter is remitted to the Justice Court of the Town of East Hampton to hear and report on the issue of whether defendant was arraigned on the simplified traffic information charging her with aggravated driving while intoxicated per se or upon the misdemeanor information charging her with that offense, and, if defendant was arraigned on the former, to hear and determine whether any document satisfying the requirements of a sufficient supporting deposition pursuant to CPL 100.25 (2) was served upon defendant or her attorney, and the appeal is held in abeyance pending the receipt of the Justice Court's report, which shall be filed with all convenient speed.
At approximately 1:10 a.m. on July 13, 2014, defendant, who was driving a 2013 Jeep Wrangler, was stopped by a New York State trooper on Montauk Highway in the Town of East Hampton, Suffolk County, for failing to yield the right-of-way. In three simplified traffic informations, each dated July 13, 2014, defendant was charged with failure to yield the right-of-way while entering a roadway (Vehicle and Traffic Law § 1143), aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]), and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), respectively. The "FOR COURT USE ONLY" section of the three simplified traffic informations in the court file contain the "Date Adjudicated," June 16, 2016 (which was the date of defendant's guilty plea to the charge of aggravated driving while intoxicated per se), and the date the sentence was imposed, August 25, 2016. It is undisputed that, on July 13, 2014, the trooper signed a supporting deposition with respect to the charge of failure to yield the right-of-way when entering a roadway, which was provided together with the simplified traffic information charging that offense.
The record also contains a misdemeanor information, dated July 14, 2014, which charged defendant with aggravated driving while intoxicated per se and common-law driving while intoxicated. The information alleged that, on July 13, 2014 at about 1:10 a.m., at Montauk Highway and South Essex Street in the Town of East Hampton, defendant was observed by New York State Trooper J.G. Zawol, operating a 2013 Jeep Wrangler. The vehicle was "stopped for a VTL infraction." Furthermore, the "operation of the said motor vehicle . . . is based on . . . personal knowledge . . . . Said defendant's intoxication . . . is based upon direct observation by your complainant which was as follows . . . a strong odor of an alcoholic beverage, blood shot watery eyes, slurred speech, unsteady on her feet, [and] poor motor coordination and she failed SFST's [Standard Field Sobriety Tests]. . . . Said defendant's intoxication . . . is based on information and belief, the source being the attached Intoxilyzer 9000 report of the East Hampton Town PD dated 7/13/2014 and showing a blood alcohol level of .25% BAC." The results of an "Evidential [sic] Breath Analysis Test" from an Intoxilyzer 9000 instrument was signed by both the trooper and the operator of the instrument, an East Hampton Town police officer. At 2:23:58 a.m., the "Subject Sample" indicated a blood alcohol content of 0.252.
Defendant was arraigned in the Justice Court on August 14, 2014. Defense counsel indicated that he had a copy of the "charges" and entered a plea of not guilty on defendant's behalf. By letter to the Justice Court dated August 12, 2014, which was filed in the Town of East Hampton Justice Court on August 29, 2014, defendant's counsel requested "that the complainant police officer serve a supporting deposition upon" counsel and "file such supporting deposition with the Court together with proof of service thereof." The record contains a document entitled "Supporting Deposition" and "DWI Bill of Particulars," which was addressed to the charges of aggravated driving while intoxicated per se and common-law driving while intoxicated, and which the trooper signed. However, a box indicating whether the "Supporting Deposition [was] Served on Defendant" was blank.
On January 26, 2015, defendant moved to dismiss the simplified traffic informations on the ground that supporting depositions had not been timely served pursuant to CPL 100.25 (2). The People opposed the motion, asserting that a supporting deposition had been provided together with the simplified traffic information charging defendant with failure to yield the right-of-way when entering a roadway. The People further stated that, with respect to the charges of aggravated driving while intoxicated per se and common-law driving while intoxicated, defendant was arraigned on the misdemeanor information and not the simplified traffic informations.
In a decision and order dated March 29, 2015, the Justice Court denied defendant's motion. The court stated, in pertinent part, that, with respect to the Vehicle and Traffic Law §§ 1192 (2-a) (a) and 1192 (3) charges,
"misdemeanor informations were filed together with the simplified informations. A review of these informations show that they do satisfy the elements of the Criminal Procedure Law and are facially sufficient. As such, Defendant's application for dismissal is hereby denied."
On June 16, 2016, defendant pleaded guilty to the charge of aggravated driving while intoxicated per se. On August 25, 2016, she was sentenced to, among other things, a term of three years' probation and a fine of $2,500.
On appeal, defendant contends, among other things, that the simplified traffic information charging her with aggravated driving while intoxicated per se was jurisdictionally defective because a supporting deposition regarding that charge was never served on her and that the Justice Court improperly permitted defendant to be prosecuted by both a simplified traffic information and a "long form" misdemeanor information.
The People argue that the simplified traffic informations and the misdemeanor information were filed contemporaneously with the Justice Court, and the fact that the court mentioned the blood alcohol content result at defendant's arraignment meant that defendant was arraigned on the "long form" misdemeanor information. The People claim that the issue of whether a supporting deposition was timely served upon defendant with respect to the charge of aggravated driving while intoxicated per se has been rendered academic because defendant was arraigned on the misdemeanor information.
While the Justice Court stated in its March 29, 2015 decision that the simplified traffic information charging defendant with aggravated driving while intoxicated per se and the long form misdemeanor information charging that offense had been filed contemporaneously (see generally People v Serrano, 53 Misc 3d 67 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]), it cannot be determined from the transcript of the proceedings conducted on August 14, 2014 whether, with respect to the charge of aggravated driving while intoxicated per se, defendant was arraigned on the simplified traffic information charging that offense or whether she was arraigned on the misdemeanor information charging that offense. Consequently, we hold the appeal in abeyance and remit the matter to the Justice Court to determine that issue. We note that, if the former is the case, inasmuch as defendant's motion sought to dismiss the simplified traffic information charging defendant with aggravated driving while intoxicated per se on the ground that no supporting deposition had been served on her, notwithstanding her request for one, the Justice Court must then determine whether a supporting deposition had been served upon her or her attorney in compliance with CPL 100.25 (2). We further note that, even if defendant had been arraigned on the simplified traffic information, if a copy of the misdemeanor information had been served upon her or her attorney, it could qualify as a supporting deposition to the simplified traffic information if the misdemeanor information satisfies the requirements of CPL 100.25 (2).
Accordingly, the matter is remitted to the Justice Court of the Town of East Hampton to hear and report on the issue of whether defendant was arraigned on the simplified traffic information charging her with aggravated driving while intoxicated per se or upon the misdemeanor information charging her with that offense, and, if defendant was arraigned on that simplified traffic information, to hear and determine whether any document satisfying the requirements of a sufficient supporting deposition pursuant to CPL 100.25 (2) was served upon defendant or her attorney, and the appeal is held in abeyance pending the receipt of the Justice Court's report, which shall be filed with all convenient speed.
MARANO, P.J., and GARGUILO, J., concur.
BRANDS, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 06, 2018